# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | Case No. 1:19-cv-42 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| DUSTIN LITTRELL, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff Total Quality Logistics, LLC ("TQL") filed a complaint in the Clermont County Court of Common Pleas on January 3, 2019, seeking injunctive and monetary damages "in excess of $25,000" plus punitive damages, attorney fees, costs and interest, for breach of contract and breach of fiduciary duty against a former TQL employee, Dustin Littrell. TQL's initial complaint alleges that Defendant Littrell violated restrictive covenants contained in a non-compete, confidentiality, and non-solicitation Agreement. (Doc. 6). The complaint further alleges that Littrell and his new employer, Defendant Whitewater Freight ("WF"), are jointly liable for the misappropriation of trade secrets and that WF is liable for tortious interference.[1] (*Id.*) On the same date that Plaintiff filed its complaint, it moved for a temporary restraining order ("TRO") and for expedited discovery in the state court. The state court granted both motions.

On January 16, 2019, Defendant WF filed a Notice of Removal of the state court action to this Court.[2] Defendant WF filed its answer on January 22 and Plaintiff filed an

---

[1] WF and TQL jointly represent that Defendant WF recently terminated Mr. Littrell from its employment.

[2] Unanimity of all defendants to removal is required. However, Defendant Littrell filed a separate consent to removal on January 30, 2019. (Doc. 13). *See generally* 28 U.S.C. § 1446(b).

Amended Complaint on January 25, 2019.[3] In its Amended Complaint, Plaintiff clarifies that it seeks damages of "less than $75,000" or alternatively, an amount that does not exceed $75,000.[4] (Doc. 9).

WF moved to stay the state court's order of expedited discovery and to dissolve the TRO. The undersigned directed expedited briefing on WF's motion. All parties complied with the expedited briefing schedule., (Docs. 11, 12), but TQL also filed a motion to remand this matter on grounds that the amount in controversy does not exceed $75,000. (Doc. 10). The undersigned directed the parties to expedite briefing on the motion to remand, since the jurisdictional question is a threshold issue.

Because no federal jurisdiction exists, the undersigned now recommends that this matter be remanded to state court. Therefore, WF must appeal to that court to set aside its prior order expediting discovery and entering a temporary restraining order.

**II. Analysis**

Removal of a state court case to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States… where such action is pending." Defendants' Notice of Removal assumes that this Court has original jurisdiction because

---

[3] Plaintiff was permitted to file its amended complaint without leave of court because the amended complaint was filed within twenty-one days after service of Defendants' answer, within both Ohio and Federal Rules of Civil Procedure for amendment "as a matter of course." *See* Ohio Civ. R. 15(A) (permitting amendment within 28 days); Rule 15(a), Fed. R. Civ. P. (permitting amendment within 21 days).

[4] The Amended Complaint appears to be internally inconsistent. Some provisions specify that Plaintiff seeks damages of "less than $75,000" or alternatively, a figure that suggests equivalence to $75,000 (*i.e.*, "a sum that does not exceed $75,000") but the Relief section of the Amended Complaint also seeks judgment "on all counts and claims for all requested relief an amount that *does exceed* $75,000 in total." (Doc. 9 at 12, ¶E) (emphasis added). Viewing the record as a whole, the undersigned assumes that the italicized language reflects a scrivener's error, and should instead read "does not exceed $75,000 in total."

the parties are citizens of different states, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a).

Defendant WF, as the removing party, bears the burden of establishing federal subject matter jurisdiction.  *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).  When it is not clear whether the amount of damages in the complaint satisfies the jurisdictional prerequisite, the defendant is required to show by a preponderance of the evidence that the jurisdictional amount is satisfied.  *Id.*; *see also Gafford v. Gen. Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  Moreover, "the removal statute should be strictly construed and all doubts resolved in favor of remand*."  Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal quotation marks and additional citations omitted).

In *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000), the Sixth Circuit held that "the determination of federal jurisdiction in a diversity case is made at the time of removal."  In that case, the court affirmed the denial of a motion to remand that was based upon a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit.  Unlike in this case, in *Rogers*, the plaintiff's original state court complaint clearly sought $950,000 in damages – an amount more than twelve times the jurisdictional threshold.  Although a later second amended complaint sought to reduce that amount to below $75,000, the Sixth Circuit held that the plaintiff's first complaint, as well as sworn responses to discovery requests stating that her amount of damages exceeded $447,000, demonstrated that the actual amount in controversy exceeded $75,000.  Although some courts have suggested that *Rogers* was effectively abrogated by the Supreme Court's statement in *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S.

3

224, 232 (2007) that "a case can be properly removed an yet suffer from a failing in subject-matter jurisdiction that requires remand,"[5] other courts continue to apply its rule that a plaintiff cannot defeat federal jurisdiction through post-removal amendment, when the original complaint pleaded a specific amount that clearly exceeded the jurisdictional threshold. *See also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375-76 (6th Cir. 2007) (declining to reach argument whether post-removal stipulation precluded federal jurisdiction, because request for attorneys' fees when added to compensatory damages continued to exceed jurisdictional threshold).

At the same time, the *Rogers* rule has been limited in application to where the original complaint is unambiguous in stating a claim for damages in excess of $75,000. By contrast, where the amount of damages sought in the original complaint is ambiguous, and later "clarified" by amendment or stipulation in a manner that demonstrates the amount in controversy is less than or equal to $75,000,[6] remand is required. *See Shupe v. Asplundh Tree Expert Co.,* 566 Fed. Appx. 476 (6th Cir. 2014) (holding that a post-suit affidavit that contains an unequivocal limitation on damages will defeat jurisdiction); *Egan v. Premier Scales & Sys*, 237 F. Supp.2d 774, 778 (W.D. Ky. 2002) (same, denying remand where plaintiff's statement was "less than unequivocal" and did not sufficiently limit damages); *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993). The effect of post-removal proceedings is case-dependent, with courts frequently called to consider post-removal amendments, stipulations, or other evidence. Procedurally, where

---

[5] *See e.g., Baldori v. Delta Air Lines, Inc.*, 2011 WL 1212069 at **2-3 (W.D. Mich. Mar. 29, 2011) (collecting and discussing cases); (*GOL Transportes Aeroes, S.A. v. Doyle Transportation, Inc.*, 2010 WL 4939446 at *2 (S.D. Ohio Nov. 30, 2010) (same).

[6] *See Freeland v. Liberty Mutual Fire Insur. Co.*, 632 F.3d 250 (6th Cir. 2011) (holding that when amount in controversy equals but does not exceed $75,000, a federal court lacks diversity jurisdiction).

4

a plaintiff disputes a defendant's assertion of the amount in controversy and seeks remand, the parties should "submit proof" so that the trial court may decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

On the record presented, WF relies solely on the original complaint, which on its face sought compensatory damages "in excess of $25,000" as well as attorney's fees and punitive damages - without stating a specific sum or total in excess of $75,000. Under Ohio Civ. Rule 8(A), TQL was required to state in its complaint whether damages were sought in excess of $25,000, but the same rule prohibits identifying "the amount of recovery sought." *Id.* In other words, Ohio Civ. R. 8(A) precludes a plaintiff from stating a definite amount in controversy and requires that amount to remain at least somewhat indeterminate. Still, as WF points out, Ohio law permits an award of punitive damages for "willful and malicious misappropriation" in an amount "not exceeding three times" the award of compensatory damages. Ohio R.C.§ 1333.63(B). Based upon the original complaint's demand for punitive damages plus attorney's fees, WF maintains that it demonstrated that TQL's original complaint sought "more than" $75,000 in damages. WF cites two unpublished decisions that support its position, although only one of those cases involved an amendment to the complaint. *See Sunkin v. Hunter Engineering Co.*, 2015 WL 4406101 at *4 (N.D. Ohio July 20, 2015) (holding that requisite amount in controversy was satisfied based on unamended complaint that requested compensatory damages in excess of $25,000 plus punitive damages and attorney's fees); *Cancino v. Yamaha Motor Corp.*, 494 F. Supp.2d 664, 668 (S.D. Ohio 2005) (holding that consideration of state

claims for treble damages and admissions in original complaint satisfied jurisdictional threshold notwithstanding amendment).

With all due respect to the decisions in *Sunkin* and *Cancino*, the undersigned is persuaded by *Shupe, Egan,* and numerous other cases that remand is appropriate based upon the clarification of damages contained in TQL's amended complaint, together with counsel's affidavit. "A plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy for the first time…'" *Shupe.*, 566 Fed. Appx. at 481 (quoting *Egan,* 237 F. Supp.2d at 778)). Thus, an amended complaint that provides a "clarification rather than a reduction of the amount in controversy" can show that there is no basis on which to claim federal jurisdiction. *Id. see also Total Quality Logistics, LLC v. Navajo Express, Inc.*, 2018 WL 2001434 (S.D. Ohio April 30, 2018) (Black, J., remanding case on similar facts where TQL clarified in amended complaint that it was not seeking more than $75,000); *Heartland of Portsmouth*, 2015 WL 728311 (S.D. Ohio Feb. 19, 2015) (Dlott, J., remanding based upon defendant's failure to prove amount in controversy exceeded threshold, despite requests for injunctive relief and attorney's fees, where amount in controversy remained speculative); *Mid Western Auto Sales, Inc. v. Western Heritage Ins. Co.*, 2009 WL 1373035 (S.D. Ohio May 15, 2009) (Dlott, J., holding that defendant had not met preponderance burden because defendant provided no evidence to show that it was more likely than not that plaintiff would recover punitive damages).

TQL states that within 48 hours of its filing of the complaint, it learned that WF had, as a result of this lawsuit, terminated Defendant Dustin Littrell from its employment. WF's termination of Littrell fewer than 12 weeks after he began his employment with Defendant

6

WF provided grounds both to clarify the amount of damages sought by TQL and to limit those damages to less than the federal jurisdictional amount. (Doc. 17; *see also* Doc. 17-1, Affidavit of counsel).

WF acknowledges that the nearly identical *Navajo Express* case strongly favors remand but argues that in *Navajo Express*, this Court "missed the critical distinction between Kentucky's silence on monetary amounts in complaints and Ohio's excess of $25,000 requirement." (Doc. 16 at 9). The undersigned does not agree. The differences between Kentucky CR 8.01(2) and Ohio Civ. R. 8(A) are insignificant in the context of the case presented; the result of both rules precluded the inclusion of a specific numerical demand in the state court complaint. Although the absence of a specific damage sum may not imbue every complaint with ambiguity when it comes to proving the existence of federal diversity jurisdiction, it did so in this case. The post-removal filing of the amended complaint and record as a whole resolve that ambiguity and confirm that the requisite amount-in-controversy has not been established by a preponderance of the evidence.

**III. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED THAT:**

1. Total Quality Logistic's motion to remand this case to state court for lack of federal jurisdiction (Doc. 10) should be **GRANTED** and this case should be remanded;

2. Whitewater Freight's motion to stay discovery and dissolve the state court order (Doc. 2) should be **DENIED** without prejudice to renew that motion in the state court following remand.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | Case No. 1:19-cv-42 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| DUSTIN LITTRELL, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).